IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,          )
ex rel. STEPHEN MCMULLEN           )
                                   ) NO. 3-12-0501
v.                                 ) JUDGE CAMPBELL
                                   )
ASCENSION HEALTH, et al.           )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss Relator's Amended Complaint for Damages (Docket No. 56). For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED.

FACTS

This action is brought by Relator, Stephen McMullen, pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733. Relator's Amended Complaint (Docket No. 39) alleges that Defendants have presented false claims for payment to Medicare for noninvasive vascular diagnostic studies performed by non-accredited and/or non-certified technicians and not under the supervision of a physician credentialed in vascular technology.

Relator has sued Ascension Health, which Relator alleges operates healthcare facilities in more than 500 U.S. locations; Seton Corporation d/b/a Baptist Hospital in Nashville; Hickman Community Health Care Services, Inc. d/b/a Hickman Community Hospital in Centerville; and Middle Tennessee Medical Center, Inc. in Murfreesboro.[1]

---

[1] As noted by Defendants, in July of this year, Baptist, Hickman and Middle Tennessee Hospitals were renamed to reflect their common participation in the Saint Thomas Health Ministry. The Court will refer to these Defendants as "Baptist, Hickman and Middle Tennessee" herein.

Defendants have moved to dismiss Relator's Amended Complaint, arguing that he has failed to plead fraud with the particularity required by the FCA and Fed. R. Civ. P. 9(b) and that he has failed to allege a plausible claim upon which relief may be granted under Fed. R. Civ. P. 8(a) and 12(b)(6).

The Government declined to intervene in the case, but it has filed a Statement of Interest (Docket No. 65) in response to the pending Motion and briefs.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*.

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Complaints alleging False Claims Act violations must also comply with Federal Rule of Civil Procedure 9(b)'s requirement that fraud be pled with particularity. *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011). Rule 9(b) requires that in alleging fraud, a party must state with

2

particularity the circumstances constituting fraud. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally. *Id.* In complying with Rule 9(b), a Relator, at a minimum, must allege the time, place and content of the alleged misrepresentation, the fraudulent scheme, the fraudulent intent of the defendants, and the injury resulting from the fraud. *Id.* at 467.[2]

FALSE CLAIMS ACT

The FCA penalizes any person who knowingly presents or causes to be presented to an officer or employee of the U.S. government a false or fraudulent claim for payment or approval. *Chesbrough*, 655 F.3d at 466 (citing 31 U.S.C. § 3729(a)(1)). It also penalizes any person who knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government. *Id.* A private individual, known as a realtor, may bring a civil action for a violation of the FCA, also known as a *qui tam* action, on behalf of the government. 31 U.S.C. § 3730(b)(1).

The Relator must plead with sufficient particularity that the defendants knowingly presented to the United States government a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729; *United States ex rel. Dennis v. Health Management Associates, Inc.*, 2013 WL 146048 at * 11 (M.D. Tenn. Jan. 14, 2013). Defendants argue that Relator has failed to adequately plead that any Defendant knowingly presented or caused to be presented false claims to the government for payment. Defendants also argue that Relator has not identified any specific false record or statement made by any Defendant and that Relator has not identified the elements of a conspiracy.

---

[2] The heightened pleading standard is designed to alert defendants as to the particulars of their alleged misconduct and to prevent "fishing expeditions." *Chesbrough*, 655 F.3d at 466.

3

Defendants contend that because Relator has failed to identify any particular claim which was submitted to the government for payment, there is no way to know if any particular claim was false. Defendants argue that Relator was employed at Defendant Baptist Hospital for ten months only, never worked at Defendants Hickman Hospital or Middle Tennessee Hospital, and has not pled otherwise. Moreover, Defendants claim that Relator has not sufficiently pled facts to show that he participated in or has knowledge of the billing processes in any of the Defendant facilities.

Relator has not identified in the Amended Complaint a single specific claim which was submitted to Medicare for payment. Neither has he identified a single specific claim in which Defendants made a false statement. The mere allegation that Defendants allowed non-accredited and/or non-certified technicians, not under the supervision of a physician credentialed in vascular technology, to perform noninvasive vascular diagnostic studies does not create FCA liability unless such certification and/or accreditation was required.[3] Moreover, such an allegation does not create FCA liability unless Defendants knowingly submitted claims that falsely certified compliance with a requirement which was a prerequisite to payment by Medicare. *Dennis*, 2013 WL 146048 at * 12 (citing *Chesbrough*, 655 F.3d at 467-68).

Put another way, Relator may have identified conduct which allegedly violated a Medicare guideline, but he has not identified in the Amended Complaint a specific false claim of which he has personal knowledge which was in fact presented to the government. Because the false claim itself

---

[3] Relator contends that these alleged requirements were found in certain "LCDs" (Local Coverage Determinations). Relator admits, however that the LCDs were issued by contractors, not by the Government. Amended Complaint (Docket No. 39), ¶ 13. Defendants argue that the LCDs are merely guidance, not published regulations. Whether the LCDs applied to Defendants is a contested factual issue, but Relator does not cite to a statute or regulation that conditions payment of a Medicare claim on compliance with any LCD. *See Chesbrough*, 655 F.3d at 469.

is a requirement of an FCA cause of action, it is not sufficient that the complaint alleged the underlying fraudulent conduct with particularity; the complaint must also allege the presentation of a false claim for payment to the government with the same particularity. *United States ex rel. Winkler v. BAE Systems, Inc.,* __ F. Supp. 2d __, 2013 WL 3724784 at * 8 (E.D. Mich. July 15, 2013).

Relator argues that Defendants must have submitted claims that were false because (1) they were required to use only accredited and/or certified technicians and in some cases (not identified) they did not, and (2) generally most of the people who receive these noninvasive vascular diagnostic studies are older adults, and (3) thus, they must have been on Medicare and (4) their claims must have been submitted to the government for payment. Yet he fails to identify in the Amended Complaint a single Medicare patient/beneficiary whose study was conducted by a non-accredited or certified technician.

The Amended Complaint also fails to specify which patients' claims were false; which of those patients whose claims were false were, in fact, Medicare patients; or which of those Medicare patients whose claims were false had claims actually submitted to the government for payment. In other words, the Amended Complaint is "devoid of meaningful detail." *See Dennis* at * 13. Relator has failed to plead additional details about the presentment of allegedly false claims, such as when the claims were submitted to the government or what payment from the government was obtained as a result of such claims. *Id*. at *15.

The allegations of the Amended Complaint require the Court (1) to assume that Defendants were "required" to use accredited or certified technicians for non-invasive vascular studies in order

5

to receive payment from Medicare; (2) to assume that some non-identified Medicare patients[4] at each Defendant facility received these studies from a non-accredited or non-certified technician; and (3) to assume that Defendants submitted claims for payment to the government for at least some of these non-identified patients. Yet, Rule 9(b) does not permit the Relator to state claims based on the allegation and assumption that illegal payments must have been submitted, were likely submitted, or should have been submitted to the government. *Dennis* at \*14 (citing *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002)).

A critical element of a FCA violation is the actual presentment of a false claim to the government for payment or approval. *Dennis* at \*14. "The submission of a false claim for payment converts an improper financial relationship into an act of fraud upon the government and forms the basis of the cause of action." *Id*. The Sixth Circuit imposes a strict requirement that relators identify actual false claims. *Chesbrough*, 655 F.3d at 472. That is, the relator must, at the very least, specify the "who, what, when where, and how" of the alleged fraud. *Dennis* at \* 15 (citing *Sanderson v. HCA - The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006)).

Relator argues that the Court should apply a more relaxed standard in this case. The Sixth Circuit has left open the possibility that a court may "relax" the requirements of Rule 9(b) in circumstances where a relator demonstrates that he cannot allege the specifics of actual false claims that in all likelihood exist, and the reason that he cannot produce such allegations is not attributable to his own conduct. *Chesbrough*, 655 F.3d at 470. The requirement that a relator identify an actual false claim may be relaxed when, even though the relator is unable to produce an actual billing or

---

[4] The Court must assume that these patients are actually covered by Medicare, not simply "Medicare eligible," as Plaintiff suggests.

invoice, he has pled facts which support a "strong inference" that a claim was submitted. *Id.* at 471. Such an inference may arise when the relator has personal knowledge that the fraudulent claims were submitted by Defendants for payment. *Id.*

Here, the Relator has not alleged facts in the Amended Complaint to warrant relaxation of Rule 9(b)'s strict requirement that relators identify actual false claims. Relator worked for ten months with Baptist and never worked for any of the other Defendants. Relator does not allege facts to show he had sufficient personal, first-hand knowledge or involvement with Defendants' billing and claims submission processes. He has pled no facts to indicate he personally knows that any specific false claims were actually submitted by Defendants. He simply has not alleged facts that support a "strong inference" that false or fraudulent claims were actually submitted for payment to Medicare. Relator alleges improper conduct by Defendants, but he fails to identify even one "for example" specific claim.

The assumptions, stacked on assumptions, stacked on more assumptions, in the Amended Complaint do not support a "strong inference" of a fraudulent scheme and presentment of false claims to warrant application of a "relaxed" Rule 9(b) pleading standard.

Where a relator pleads a complex and far-reaching fraudulent scheme with particularity and provides examples of specific false claims submitted to the government pursuant to the scheme, those examples may suffice where they are *representative samples* of the broader class of claims. *Winkler* at *8. Relator must, however, plead by means of "characteristic" or "illustrative" examples. *Id.* None of the recent holdings of the Sixth Circuit alter the requirement that at least one claim be pleaded with specificity. *Id.* at 9. Although the relator does not need to identify *every* false claim submitted for payment, he must identify with specificity "characteristic examples that are illustrative

7

of the class of all claims covered by the fraudulent scheme." *Chesbrough*, 655 F.3d at 470 (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 510 (6th Cir. 2007)). The Amended Complaint does not meet this standard.

Accordingly, Defendants' Motion to Dismiss is granted, and the Amended Complaint is dismissed with prejudice. The Relator's request to further amend the Complaint is denied as futile, as Relator has not specified any amendments that would remedy the Amended Complaint.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

8